*1029 Young, J.,
dissenting:
I cannot agree with the majority’s conclusion that the district court erred in dismissing appellants’ complaint pursuant to the statute of limitations. In my opinion, appellants’ claims are barred by the statute of limitations.[1] While appellants cannot be charged with notice during the period they were minors, the evidence demonstrates that appellants failed to exercise due diligence in discovering their claims for more than eighteen years after reaching majority.[2]
The majority is correct in recognizing that dismissal on statute of limitations grounds is only appropriate “ ‘when uncontroverted evidence irrefutably demonstrates plaintiff discovered or should have discovered the fraudulent conduct.’” Nevada Power Co. v. Monsanto Co., 955 F.2d 1304, 1307 (9th Cir. 1992) (quoting Mosesian v. Peat, Marwick, Mitchell & Co., 727 F.2d 873, 877 (9th Cir. 1984)). The majority also correctly concludes that a plaintiff must use due diligence in determining the existence of a cause of action. Sierra Pacific Power Co. v. Nye, 80 Nev. 88, 94-95, 389 P.2d 387, 390 (1964). My points of contention lie with the majority’s conclusions that there is no evidence to suggest that appellants knew or should have known about their cause of action and that a question of fact remains regarding the due diligence of appellants.
The majority concludes that because appellants did not have inquiry notice, it cannot be said as a matter of law that appellants knew or should have known about their claims. However, the majority fails to point out that inquiry notice is but one of three types of notice that can be used to impute knowledge on Kevin and Scott. Kevin and Scott could be charged with actual, constructive, or inquiry notice, depending on the circumstances. Here, the divorce decree was a matter of public record. Thus, appellants should be charged with constructive notice of their cause of action.[3] Hence, appellants knew or should have known of their cause of action because of this form of constructive notice.
*1030 Moreover, it is not unlikely that appellants had actual notice. Frankie (the mother) was aware of the property settlement agreement in which appellants were to be the beneficiaries of the trust. Frankie presumably had a congenial relationship with her two sons. It almost strains credulity to reach the conclusion that their mother never in twenty-three years informed them of the proposed trust.
Even if constructive or actual notice is not imputed to appellants, their claim is time barred because they failed to exercise due diligence in discovering the claim. The issue of whether a plaintiff exercised due diligence usually gives rise to a question of fact appropriate for the trier of fact. Such questions, however, may be decided as a matter of law “when uncontroverted evidence irrefutably demonstrates plaintiff discovered or should have discovered the fraudulent conduct.” Nevada Power Co., 955 F.2d at 1307. Here, appellants admitted that they made no effort to discover the existence of their cause of action during the twenty-three years since their parents’ divorce. The district court’s determination that this admission left no question of fact for the jury to resolve was not error.
The application of the statute of limitations to constructive trusts is straightforward. Constructive trusts are involuntary and are imposed upon the trustee to remedy a wrongdoing. George T. Bogert, Trusts 642 (1987). Thus, “[tjhere is a cause of action from the date when the trustee’s wrongful holding begins, and the Statute of Limitations should begin to run against it from the time when the wronged party knows or should know of the inequitable conduct of the titleholder.’ ’ Id.
As pointed out earlier, there is evidence to support that appellants had constructive or actual notice of their claim after reaching majority. The trial court properly concluded that appellants’ conduct did not constitute due diligence. Hence, appellants' claims are time barred due to the six-year statute of limitations for the contract claim and the three-year statute of limitations for the conversion claim. Accordingly, I would affirm the summary judgment and order the appeal dismissed.

 Appellants’ complaint contains two causes of action, one in contract and one in tort. Unfortunately, the statutes of limitations, six years and three years respectively, bar the claims.

 Kevin Bemis reached the age of majority in 1977, while Scott Bemis reached majority in 1978.

 The majority cites Allen v. Webb, 87 Nev. 261, 270, 485 P.2d 677, 682 (1971), to show that public recording of a deed would not constitute constructive notice. However, that case dealt with an escrow agent’s failure to record a deed, thereby allowing a bona fide purchaser to assert superior title. Here, there is no allegation that the divorce decree was not found in public record. Sierra Pacific Power Co., 80 Nev. at 94-95, 389 P.2d at 390, held that plaintiffs arguing they were unaware of their claims were imputed to have knowledge of such claims because the information necessary to discover them could be found in public records.